**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **BILLINGNETWORK PATENT, INC.,** | |
| **Plaintiff,** | **Case No.** |
| v. | |
| **PRACTICESUITE, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Billingnetwork Patent, Inc. ("BNP") complains of Defendant PracticeSuite, Inc. ("PracticeSuite") as follows:

**NATURE OF LAWSUIT**

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a).

**THE PARTIES**

2. Billingnetwork Patent, Inc. is a Florida corporation that has its principal place of business at 440 North Wells Street, Suite 640, Chicago, Illinois 60654. BNP owns United States Patent No. 6,374,229 (the "'229 Patent"), which is entitled "Integrated Internet Facilitated Billing, Data Processing and Communication System," which issued on April 16, 2002. (Exhibit A). BNP has the exclusive right to license and enforce the '229 Patent and to collect all damages for infringement. BNP also has standing to sue for infringement of the '229 Patent.

3. Upon information and belief, PracticeSuite, Inc. is a Delaware corporation with its principal address at 37600 Central Court, Suite 260, Newark, California 974560.

**JURISDICTION AND VENUE**

4. Defendant owns, operates and conducts business through their website www.practicesuite.com in this judicial district and throughout the United States.

5. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over the Defendant because the Defendant operates and conducts business through the interactive website www.practicesuite.com in the state of Illinois and offer for sale and sell services that are covered by the claims of the '229 Patent in this judicial district.

7. PracticeSuite is currently doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, has purposefully reached out to residents of this judicial district, and has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being haled into court in Illinois.

8. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b).

**COUNT I – PATENT INFRINGEMENT**
**UNITED STATES PATENT NO. 6,374,229**

9. BNP realleges and incorporates by reference paragraphs 1 through 8, inclusive, as though fully set forth herein.

10. PracticeSuite owns the website www.practicesuite.com and/or related URLs.

11. PracticeSuite operates the website www.practicesuite.com and/or related URLs.

12. PracticeSuite provides on its website www.practicesuite.com and/or related URLs its PracticeSuite software (a.k.a. Practice Management & Medical Billing Software).

- 3 -

13. PracticeSuite's software includes one or more database servers.

14. PracticeSuite provides a homepage accessible through the internet by users of the PracticeSuite software.

15. PracticeSuite provides a homepage which provides access to the one or more database servers to users of the PracticeSuite software.

16. PracticeSuite provides a homepage which a user must enter a user ID and password to obtain access to the user's account.

17. PracticeSuite provides a homepage which a user must enter a user ID and password to obtain access to the user's account, thereby providing only secure access to the system.

18. The PracticeSuite system includes a means for providing electronic transfer of billing and data entry forms to a user.

19. The PracticeSuite system produces billing invoices and statements to clients and customers of the user.

20. The PracticeSuite system provides a user with a means to view and query data and billings information in the one or more database servers.

21. The PracticeSuite system includes a PC type computer electronically connected to the one or more database servers.

22. PracticeSuite has directly infringed and continues to directly infringe Claim 1 of the '229 Patent under 35 U.S.C. § 271(a) by manufacturing, hosting, using, selling, licensing the use of, offering for sale and offering for a license to use the PracticeSuite system.

23. PracticeSuite has indirectly infringed and continues to indirectly infringe Claim 1 of the '229 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of

the claim. PracticeSuite has had knowledge of the '229 Patent by at least as of the filing of this complaint. PracticeSuite has knowingly and actively induced infringement of Claim 1, for example, by creating, providing and promoting its [www.practicesuite.com](http://www.practicesuite.com) website, and by instructing, aiding, assisting and encouraging the use, purchase and/or license of its PracticeSuite system in a manner that infringes Claim 1 of the '229 Patent. The direct infringers of those claims that are being induced by PracticeSuite include, without limitation, its customers, clients, subscribers and/or users that use, purchase and/or license its PracticeSuite system.

24.  PracticeSuite has also indirectly infringed and continues to indirectly infringe Claim 1 of the '229 Patent under 35 U.S.C. § 271(c) through, among other things, making and/or using its PracticeSuite system and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing for and/or encouraging the us, purchase and/or license of its PracticeSuite system, which constitutes a material part of the patented system of Claim 1 of the '229 Patent, which PracticeSuite knows is especially made or adapted for use in an infringement of Claim 1 of the '229 Patent, and which is not a staple article of commerce suitable for substantial non-infringing use. The direct infringers for PracticeSuite's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, its customers, clients, subscribers and/or users that use, purchase and/or license its PracticeSuite system.

25.  The acts of infringement of the '229 Patent by PracticeSuite have injured BNP, and BNP is entitled to recover damages adequate to compensate it for such infringement from PracticeSuite, but, in no event less than a reasonable royalty.

26.  Further, the acts of infringement of the '229 Patent by PracticeSuite have injured and will continue to injure BNP unless and until this Court enters an injunction prohibiting

further direct infringement, inducement to infringe, and contributory infringement of the '229 Patent.

27. PracticeSuite has continued its infringing activities, despite knowing that there was at least an objectively high likelihood that its actions constituted infringement of the '229 patent. This case is, therefore, beyond the norm and, hence, subject to discretionary enhancement of damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BNP respectfully requests that this Court enter judgment against the Defendant PracticeSuite, Inc. and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

A. An award of damages adequate to compensate BNP for the infringement that has occurred, together with prejudgment interest from the date infringement of the '229 Patent began, but, in no event less than a reasonable royalty as permitted under 35 U.S.C. § 284;

B. A judgment that BNP is entitled to discretionary enhancement of its damages and other relief provided by 35 U.S.C. § 284;

C. A finding that this case is exceptional and an award to BNP of its attorneys' fees and costs as provided under 35 U.S.C. § 285;

D. A permanent injunction prohibiting further direct infringement, inducement to infringe, and contributory infringement of the '229 Patent; and

E. Such other relief that BNP is entitled to under law, and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

BNP demands a trial by jury on all issues presented in this Complaint.

Dated: October 8, 2014

Respectfully submitted,

*/s/ Ashley E. LaValley*
Timothy J. Haller
Ashley E. LaValley
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, IL 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
haller@nshn.com
alavalley@nshn.com

***Attorneys for Plaintiff, Billingnetwork Patent, Inc.***